IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HITO PAGAN | : CIVIL ACTION |
| v. | : |
| PENNSYLVANIA BOARD OF | : |
| PROBATION AND PAROLE, et al. | : NO. 08-150 |

**REPORT AND RECOMMENDATION**

**ELIZABETH T. HEY**
**UNITED STATES MAGISTRATE JUDGE**                                September   26   , 2008

    This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the State Correctional Institution at Graterford, Pennsylvania, challenging the calculation of his sentence.  Specifically, Pagan challenges the failure of the Pennsylvania Board of Probation and Parole ("Board"), to credit time he spent in state custody serving one sentence toward a previously-imposed sentence.  He alleges that the Board's calculation amounts to a violation of the double jeopardy clause and results in a denial of due process.  See Pet. at ¶ 12(a); Pet.'s Memo. at 5.  For the reasons that follow, I recommend that the petition be denied.

**FACTS AND PROCEDURAL HISTORY**[1]

    Pagan's relevant criminal history includes three sets of Pennsylvania convictions and sentences arising from charges in (1) 1995-96, (2) 2001, and (3) 2006.  For

---

    [1]The facts are taken from the conviction, sentencing, and calculation records attached to the Board's Answer.  Pagan does not dispute the convictions or the terms of imprisonment imposed on each conviction.  See Pet.'s Traverse, at 2.

convenience, I will refer to these as Pagan's first, second, and third sentences. The issue raised by Pagan concerns the Board's calculation of his maximum date on the first sentence as a result of sentences imposed in the latter cases.

First, on October 9, 1995, Pagan was sentenced to 1½-5 years' incarceration each for two burglary convictions, Commonwealth v. Pagan, Nos. 2280, C.C.P. Dauphin, 1995, and 2849 C.C.P. Dauphin, 1995. On March 10, 1997, he was sentenced to 1-2 years' incarceration for burglary. Commonwealth v. Pagan, No. 3531 C.C.P. Dauphin, 1996. The Department of Corrections aggregated these sentences for a term of 4-12 years' incarceration (the "first sentence"). See Sentence Status Summary, Ans., at Exh. A; Gillespie v. Commonwealth Dept. of Corrections, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987) (aggregation of consecutive sentences is mandatory). The Department of Corrections calculated Pagan's minimum and maximum terms on the first sentence as October 9, 1999, and October 9, 2007, respectively. Id. On August 6, 2000, Pagan was released on parole from this sentence.

Pagan was arrested on the second set of charges on January 24, 2001.[2] On June 8, 2001, he pled guilty to prostitution and possession of drug paraphernalia, and was sentenced to 6 months to 1 year. Commonwealth v. Pagan, 641 C.C.P. Dauphin, 2001;

---

[2] On October 16, 2000, the Board declared Pagan delinquent as of October 12, 2000. See Notice of Board Decision, 10/16/00, Ans., at Exh. C. Upon his arrest on the new charges, the Board revoked Pagan's parole and recommitted him as a technical parole violator. See Notice of Board Decision, 2/13/01, Ans., at Exh. D.

see Ans., at Exh. E.  Pagan also pled guilty to resisting arrest on the same day and was sentenced to 1-2 years' incarceration, consecutive.  Commonwealth v. Pagan, 773 C.C.P. Dauphin, 2001; see Ans., at Exh. F.  On June 28, 2001, Pagan pled guilty to theft by unlawful taking, and was sentenced to 6 months to 1 years, concurrent.  Commonwealth v. Pagan, 1758 C.C.P. Dauphin, 2001; see Ans., at Exh. G.

As a result of these convictions and sentences (the "second sentence"), the Board recommitted Pagan on his first sentence as a convicted parole violator.  See Notice of Board Decision, Oct. 3, 2001, Ans., at Exh. H.  As a convicted parole violator, Pagan lost all credit for the time he was on parole, and was required to serve the remaining time on the earlier sentences before beginning to serve the sentences imposed on the new convictions.  See 61 P.S. § 331.21a(a) (convicted parole violator "shall be given no credit for the time at liberty on parole" and "the service of the balance of the . . . term originally imposed shall precede the commencement of the new term").[3]  The Parole Board recalculated Pagan's maximum date on the first sentence to be June 5, 2008.  See Notice of Board Action, 8/9/02, Ans., at Exh. I.

On March 17, 2003, the Parole Board reparoled Pagan on the first sentence, at which time Pagan began serving the second sentence.  See Order to Release on Parole/Reparole, 3/17/03, Ans., at Exh. J.  While in prison during this time, he was on

---

[3]A technical parole violator retains credit for the time he spent on parole prior to his violation.  A convicted parole violator does not.  See 61 P.S. § 331.21(a) and (d).

3

"constructive parole" on the first sentence.[4] Pagan was released from prison on January 7, 2006, having served the maximum term on the second sentence. See Moves Report, Ans., at Exh. M (noting "Sentence Completed" 1/7/06). Although Pagan was not subject to any supervision based on the second sentence, he remained on parole on the first sentence. See Notice of Board Decision, 5/19/04, Ans., at Exh. L.

Pagan was arrested on the third set of charges on April 13, 2006.[5] On September 15, 2006, Pagan pled guilty to prostitution/disorderly conduct and was sentenced to 1-2 years' incarceration (the "third sentence"). Commonwealth v. Pagan, No. 1954, C.C.P. Dauphin, 2006; see Ans., at Exh. P. As a result of the new conviction, the Parole Board recommitted Pagan as a convicted parole violator. Again, Pagan lost the credit for the time he was on parole. His new maximum sentence on the first sentence is now calculated to expire on July 23, 2011. See Notice of Board Decision, 11/27/06, Ans., at Exh. Q.

On January 8, 2007, Pagan filed a petition for administrative review of the calculation of his first sentence. See Petition for Administrative Review, Ans., at Exh. T. In response to the petition for review, the Parole Board explained that Pagan was not

---

[4]When a prisoner, while still confined, is paroled from one sentence to begin serving another, he is considered on "constructive parole" from the earlier sentence. See Merritt v. Pa. Bd. of Prob. and Parole, 574 A.2d 597, 598 n.1 (Pa. 1990).

[5]On March 29, 2006, the Parole Board declared Pagan delinquent as of March 27, 2006. See Notice of Board Decision, 3/29/06, Ans., at Exh. N. On May 10, 2006, the Parole Board revoked Pagan's parole and recommitted him as a technical parole violator on his first sentence.

entitled to credit on the first sentence for time spent in custody on the second sentence once he was recommitted as a convicted parole violator. See Parole Board Letter, 8/23/07, Ans., at Exh. U.

On August 30, 2007, the Parole Board reparoled Pagan on the first sentence. See Order to Release on Parole/Reparole, 8/30/07, Ans., at Exh. R. He is currently serving the third sentence at SCI-Graterford, and is on constructive parole on the first sentence.

On September 26, 2007, Pagan filed a petition for writ of mandamus in the Commonwealth Court, challenging the recalculation of his parole violation maximum date. See Mandamus Petition, attached to Pet.'s Traverse. On September 27, 2007, the Commonwealth Court dismissed the petition on procedural grounds. Pagan v. Pa. Bd. of Prob. and Parole, 469 M.D. 2007, Ans., at Exh. W. Pagan did not seek review in the Pennsylvania Supreme Court.

On January 7, 2008, Pagan filed this petition for habeas corpus in which he claims that he is entitled to approximately three-years' credit toward his first sentence for the time he spent serving the second sentence (March 17, 2003 to January 7, 2006). Pagan argues that failing to give him this credit will result in violations of his due process and double jeopardy rights.

The Board has responded that Pagan failed to properly exhaust his state court remedies resulting in a default of his claims and, in any event, that the claims are meritless.

**DISCUSSION**

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  Exhaustion requires that the petitioner give the state courts a fair opportunity to review his allegations of error before seeking relief in the federal court.  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)).  Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board.  See 37 Pa. Code § 73.1(a).  Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court.  See 42 Pa. C.S.A. § 763(a).  Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement.  See Williams v. Wynder, 232 Fed. Appx. 177, 180 (3d Cir. 2007) ("Because Order 218 does not apply to appeals from Commonwealth Court

decisions, or decisions in matters involving challenges to Parole Board actions, the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court.").

Here, the Parole Board notified Pagan of its calculation of his maximum date by letter dated December 13, 2006.  See Notice of Board Action, 11/27/06, Ans., at Exh. Q.  Pagan filed a petition for administrative review on January 8, 2007, which was denied on August 23, 2007.  See Ans., at Exh. U.  Rather than file a petition for review with the Commonwealth Court, on September 26, 2007, Pagan pursued his challenge by way of a mandamus petition in the Commonwealth Court.  The Commonwealth Court dismissed the petition on procedural grounds, concluding that the appeal was untimely and improperly filed.  Pagan v. Pa. Bd. of Prob. and Parole, 469 M.D. 2007, Ans., at Exh. W ("such an action is properly brought in this court's appellate jurisdiction . . . and this court's original jurisdiction cannot be used to revive lapsed appeal rights").  Although I question the reasoning of the Commonwealth Court,[6] there is no dispute that Pagan failed

---

[6]The Commonwealth Court's Order suggests two grounds for dismissal, timeliness and use of the improper procedural vehicle to obtain review.  As to timeliness, when Pagan filed his administrative appeal of the recalculation of his maximum sentence, see Ans., at Exh. T, the Parole Board responded on August 23, 2007.  See Ans., at Exh. U.  Pagan filed his mandamus petition in the Commonwealth Court on September 26, 2007, 34 days later.  Although an administrative appeal must be filed in the Commonwealth Court within 30 days of the final decision, see Pa. R.A.P. 1512(a)(1), Pagan is entitled to the benefit of the prisoner mailbox rule.  See Smith v. Pa. Bd. of Prob. and Parole, 683 A.2d 278 (Pa. 1996) (holding that a pro se prisoner's appeals shall be deemed filed when

to appeal to the Pennsylvania Supreme Court. Thus, the Attorney General is correct in its assertion that Pagan's claim is unexhausted. See Williams, 232 Fed. Appx. at 180.

However, the court may deny a petition for habeas corpus, notwithstanding the petitioner's failure to exhaust state court remedies. See 28 U.S.C. § 2254(b)(2). Here, even had Pagan properly presented his calculation claim to the state courts, he would not be entitled to federal relief. During the nearly three years for which he seeks credit to his first sentence, Pagan was serving the second sentence, and was on constructive parole for the first sentence. Pagan was then released from prison after completing the second sentence, at which time he was still on parole from the first sentence. Thereafter, the Parole Board recommitted him as a convicted parole violator based on his third sentence.

If a parolee is recommitted for having committed a crime while on parole, he is not entitled to credit for any of the time he spent on parole. See 61 P.S. § 331.21a(a). This is true whether the petitioner is serving his parole while outside prison, or serving it

---

the appeal is deposited with prison authorities for mailing). The Commonwealth Court did not acknowledge the mailbox rule or attempt to determine when Petitioner mailed his petition.

The alternative basis for the Commonwealth Court's decision -- that the court denied review because he had filed a mandamus petition rather than an appeal -- is also questionable.

> The argument that the matter was filed within the court's original jurisdiction rather than its appellate jurisdiction appears to exalt form over substance since the pro se petitioner clearly filed in the correct court and at worst did so within an improper division of that court.

Johnson v. DiGuglielmo, No. 07-1725, 2008 WL 545301, at *3 (W.D. Pa. Feb. 26, 2008).

constructively in prison while serving another sentence.  See Merritt, 574 A.2d at 580 ("one who is on constructive parole is at liberty on parole on that particular sentence, and is not entitled to credit against his original sentence for time spent on constructive parole"); U.S. ex rel. Henderson v. Commonwealth, 287 F. Supp. 372, 373 (W.D. Pa. 1968) ("The provision of the Parole Law which prohibits giving a convicted parole violator credit for the time 'at liberty on parole' means liberty from confinement on the particular sentence for which the petitioner is being re-entered and does not mean liberty from all confinement.").  Therefore, the Board did not err when it calculated his maximum date on the first sentence without credit for his time spent on constructive parole on that sentence.

## **CONCLUSION**

Despite the fact that Pagan failed to exhaust his state court remedies, it is clear that he is not entitled to federal relief.  The Parole Board properly concluded that he was not entitled to credit on his first sentence for the time that he spent in prison serving the second sentence while on constructive parole.

Therefore, I make the following:

### **R E C O M M E N D A T I O N**

AND NOW, this 26th day of September , 2008 IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.  Petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Elizabeth T. Hey
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HITO PAGAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al. | : | NO.  08-150 |

**O R D E R**

LEGROME D. DAVIS, J.,

AND NOW, this            day of                      , 2008, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DENIED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
LEGROME D. DAVIS, J.